
FILED

JUN 2 6 2017

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GARRY L. JONES,<br><br>              Plaintiff,<br><br>vs.<br><br>NICHOLAS R. SCHAPS II, TN TRANSPORT, INC. and J&S ENERGY, LLC, *dba TN Energy, as successor-in-interest to TN Transport, Inc.*,<br><br>              Defendants. | CV 17-14-BLG-SPW<br><br>ORDER |

Upon consideration of the Stipulation of the parties for a Protective Order (dated June 21, 2017) pursuant to Fed.R.Civ.P. 26(c) (Doc. 29), the following shall govern the disclosure of confidential documents and confidential information in this case:

1.    As used in the Protective Order, these terms have the following meanings:

**"Attorneys"** means counsel of record;

**"Confidential Documents"** means documents designated "confidential" pursuant to paragraph 2;

1

"**Confidential Information**" means any fact which constitutes or refers to personal or financial information not generally available to third parties, that is kept confidential from outside access, is not generally known except by those with a legitimate personal or business interest, is not already in the public domain and for which a party would be entitled to a protective order under Fed. R. Civ. P. 26(c) to bar public disclosure of the information. The burden of proving that the information is confidential rests with the party asserting such claim;

"**Documents**" means all materials within the scope of Fed. R. Civ. P. 26 and 34;

"**Outside Vendors**" means messenger, copy, coding, and other clerical services vendors not employed by a party or its Attorneys; and

"**Written Assurance**" means an executed document in the form attached as Exhibit A.

2. A party may designate a document containing Confidential Information "confidential" to protect information within the scope of Fed. R. Civ. P. 26(c). Once designated, the document or information shall be treated as a Confidential Document or Confidential Information.

3. All Confidential Information and all Confidential Documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use,

transfer, disclose, or communicate in any way the information or documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential Document shall be limited to:

    (a) the Court and its staff;

    (b) Attorneys, their law firms, and their Outside Vendors;

    (c) persons shown on the face of the document to have authored or received it;

    (d) court reporters retained to transcribe testimony;

    (e) the parties; and

    (f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "confidential" for a period of 21 days from the date of their production, and during that period any

party may designate such documents as "confidential" pursuant to the terms of the Protective Order. If no documents are specifically designated as "confidential" within the 21 day period, they shall not be deemed Confidential Documents.

6. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential Documents or Confidential Information shall execute a Written Assurance in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain Confidential Information or refer to the contents of Confidential Documents may be designated "confidential" and thereby obtain the protections accorded other Confidential Documents and Confidential Information. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 21 days of receipt of the transcript. Unless otherwise

agreed, depositions shall be treated as "confidential" during the 21-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that references Confidential Information or the contents of Confidential Documents shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents or information as "confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. If a party files documents with the Court containing information designated as protected pursuant to the terms of this Stipulation, the filings must be in compliance with the Electronic Case Filing Procedures for the District of Minnesota. The parties are advised that designation by a party of a document as protected pursuant to the terms of this Stipulation cannot be used as the sole basis for filing the document under seal in connection with either trial or a non-dispositive, dispositive or trial related motion. Only those documents and portions of a party's submission, or any part thereof, which otherwise meets requirements for protection from public filing (including, but not limited to a statute, rule or

5

regulation prohibiting public disclosure, or protection under the attorney-client privilege or work produce doctrine, or the standards for protection set forth in Fed. R. Civ. P. 26(c)), as first determined by the Court upon motion and a showing of good cause, shall be filed under seal. If a party intends to file with the Court a document designated by another party as protected, then that filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should bring a motion before the Court which seeks to require the protected document to be filed under seal. Any party which seeks to assert that a document should be filed with the Court under seal shall have the burden of demonstrating that the documents should be filed under seal.

10. Any party may request a change in the designation of any information designated "confidential." Any such document shall be treated as initially designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "confidential" in the action may be affected. The party asserting that the material is a Confidential Document or Confidential Information shall have the burden of proving that the information in question constitutes Confidential Information and is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. Within 74 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 74-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14. The obligations imposed by the Protective Order shall survive the termination of this action.

DATED this 26th day of June, 2017.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge